# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

WILSON HERRERA,

    *Plaintiff*,

vs.

LEE GRIGGS*,*

    *Defendant*.

2:10-cv-01518-JCM-LRL

ORDER

This removed *pro se* prisoner civil rights action comes before the court for initial review under 28 U.S.C. § 1915A.

When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

In considering whether the plaintiff has stated a claim upon which relief can be granted, all material factual allegations in the complaint are accepted as true for purposes of initial review and are to be construed in the light most favorable to the plaintiff. *See,e.g., Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). However, mere legal conclusions unsupported by any actual allegations of fact are not assumed to be true in reviewing the complaint. *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949-51 & 1954, 173 L.Ed.2d 868 (2009). That is, bare and conclusory assertions that constitute merely formulaic recitations

of the elements of a cause of action and that are devoid of further factual enhancement are not accepted as true and do not state a claim for relief. *Id.*

Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972).

In the complaint, plaintiff brings claims for monetary damages and injunctive relief seeking to challenge a prison disciplinary conviction. He alleges that the disciplinary conviction resulted in, *inter alia*, three concurrent terms of twenty-four months disciplinary segregation and, either directly or indirectly, a transfer from a medium custody facility to the maximum security Ely State Prison ("Ely"). Plaintiff alleges that the procedures followed in the disciplinary proceeding violated his right to procedural due process under the Fourteenth Amendment. He further alleges that the maximum security conditions at Ely represent an atypical and substantial hardship in relation to the conditions of his prior medium security incarceration and that this difference violates the Eighth Amendment prohibition against cruel and unusual punishment. In a subsequent memorandum that he unilaterally filed in connection with screening, plaintiff expressly maintains that the disciplinary sanctions imposed included "a 6 month forfeiture of earned sentence credits." (Doc. #7, at 2.)

Plaintiff alleges that he was improperly subjected to a disciplinary conviction that resulted in a forfeiture of sentence credits. Plaintiff's claims therefore necessarily imply the invalidity of the deprivation of his sentence credits, thereby challenging the duration of his confinement. Plaintiff's claims accordingly are not cognizable under Section 1983. *See Edwards v. Balisok*, 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997). The appropriate remedy if any at this juncture, instead is through a petition for a writ of habeas corpus brought after the exhaustion of state judicial remedies.

The bar to the claims extends to both his Fourteenth Amendment and Eighth Amendment claims. The Eighth Amendment claim in any event is without merit on its face. The "atypical and substantial hardship" standard is one applied to determine whether an inmate has been deprived of a liberty interest as a predicate for a procedural due process

claim under the Fourteenth Amendment. The "atypical and substantial hardship" standard has nothing to do with the Eighth Amendment's prohibition against cruel and unusual punishment. Mere placement in a maximum security prison does not constitute cruel and unusual punishment.

The complaint accordingly will be dismissed without prejudice. The court finds that grant of leave to amend the complaint would be futile.

IT THEREFORE IS ORDERED that this action shall be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

The clerk of court shall enter final judgment accordingly, dismissing this action without prejudice.

DATED: December 29, 2010.

_____
JAMES C. MAHAN
United States District Judge